UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN RAY BLACK,

       Plaintiff,

v.                                                                                     Case No. 14-11887
                                                                   Honorable Victoria A. Roberts

GREGORY HOLIDAY,

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS** (Doc. 3)
**AND SUMMARILY DISMISSING THE COMPLAINT WITH PREJUDICE**

**I.  BACKGROUND**

This matter comes before the Court on plaintiff Ivan Ray Black's application to proceed without prepayment of the fees and costs for this action and Plaintiff's *pro se* complaint for money damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The defendant is Gregory Holiday, an administrative law judge for the Social Security Administration in Detroit, Michigan.  The complaint and exhibits allege that Plaintiff has asthma, suffers from pain in his hip due to an old gunshot wound, is mentally ill, and has a gender identity disorder.  He claims that Judge Holiday made false statements and failed to consider all the facts when he denied Plaintiff's application for supplemental security income.  Judge Holiday concluded in his decision on Plaintiff's application that Plaintiff's condition was not sufficiently severe to prevent him from working and, therefore, Plaintiff was not "disabled" as that term is defined in the Social Security Act.

## II. THE APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff is a former prisoner, and, in the past he has been denied leave to proceed without prepayment of the fees and costs for his civil complaints because three or more of his prior cases were dismissed as frivolous or for failure to state a claim. *See* 28 U.S.C. § 1915(g)[1]; *see also Black v. Parole Board*, No. 2:11-cv-14158 (E.D. Mich. Oct. 12, 2011) (opinion and order dismissing Plaintiff's complaint pursuant to § 1915(g) because three or more of his prior lawsuits were dismissed as frivolous or for failure to state a claim on which relief may be granted and because he had not shown that he was under imminent danger of serious physical injury). Plaintiff apparently is no longer incarcerated, and under 28 U.S.C. § 1915(a), the Court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit and statement of all his assets, showing that he is unable to pay the filing fee.

In his pending application to proceed without prepayment of the fees and costs for this action, Plaintiff alleges that he receives only $49 a month in cash assistance and $873 for rent, which is paid directly to his landlord. He also states that he has $1,400 in debts or financial obligations. The Court concludes that Plaintiff lacks the financial resources to pay the filing fee for this action. Therefore, his application to proceed

---

[1] Section 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

without prepayment of the fees and costs for this action (Doc. 3) is **GRANTED**. 28 U.S.C. §1915(a)(1).

### III.  THE COMPLAINT

District courts must screen civil complaints filed by non-prisoners under 28 U.S.C. § 1915(e)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Under §1915(e)(2)(B), a federal court must dismiss a case if the court determines that--

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and "to survive scrutiny under § ... 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' "  *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The only defendant here is an administrative law judge.  Federal hearing examiners and administrative law judges enjoy absolute immunity from suits for money damages for their judicial acts.  *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Butz v.*


*Economou*, 438 U.S. 478, 512-14 (1978).  Consequently, Plaintiff's complaint is frivolous, fails to state a claim, and seeks monetary relief from a defendant who is immune from such relief.  The complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  And because an appeal from this order could not be taken in good faith, Plaintiff may not proceed *in forma pauperis* on appeal.  28 U.S.C. § 1915(a)(3).

                S/Victoria A. Roberts
                Victoria A. Roberts
                United States District Judge

Dated:  June 6, 2014

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Ivan Ray Black  by electronic means or U.S. Mail on June 6, 2014.

S/Carol A. Pinegar
Deputy Clerk